IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID WRIGHT, and DOUBLE OO SHITSHOW,<br><br>Defendants. | **4:23CV3128**<br><br>**MEMORANDUM AND ORDER** |
| WELCH RACING, LLC; and BRENDAN WELCH,<br><br>Plaintiffs,<br><br>vs.<br><br>EASON L. WRIGHTIII, PAT WRIGHT, and CHARITY ET SHACK CHICK,<br><br>Defendants. | **4:23CV3134**<br><br>**MEMORANDUM AND ORDER** |
| WELCH RACING LLC, and BRENDAN WELCH,<br><br>Plaintiffs, | |

|  |  |
|---|---|
| vs. | **4:23CV3135** |
|  | **MEMORANDUM AND ORDER** |
| GRAHAM HILL, AUSTIN RAY, and GRAHAM/SHARON HILL, |  |
| Defendants. |  |

|  |  |
|---|---|
| BRENDAN WELCH, and WELCH RACING LLC, |  |
| Plaintiffs, |  |
| vs. | **8:23CV305** |
|  | **MEMORANDUM AND ORDER** |
| DOUBLE 00 SHITSHOW, DAVID WRIGHT, BRANDON BOOHER, DONNIE ALLAN FAULKNER, and JOSEPH TOFARO, |  |
| Defendants. |  |

|  |  |
|---|---|
| WELCH RACING LLC, and BRENDAN WELCH, |  |
| Plaintiffs, |  |
| vs. | **8:23CV306** |
|  | **MEMORANDUM AND ORDER** |

DOUBLE OO SHITSHOW, RA David
Wright; GREGG A. PADGETT, BRIAN
SORRELLS, and MATT A. VISCIONE,

Defendants.

WELCH RACING, LLC; and BRENDAN
WELCH,

Plaintiffs,

vs.

HERB MCCANDLESSJR., DOUBLE 00
SHITSHOW, and DOUG MCKELVEYJR.,

Defendants.

4:23CV3139

MEMORANDUM AND ORDER

WELCH RACING LLC, and BRENDAN
WELCH,

Plaintiffs,

vs.

AARON DALLAS, BRENDAN GEORGE,
DOUBLE 00 SHITSHOW/DAVID WRIGHT,
and BRAD WOODRUFF,

Defendants.

4:23CV3141

MEMORANDUM AND ORDER

3

WELCH RACING LLC, and BRENDAN
WELCH,

               Plaintiffs,

     vs.

BLASE RAIA, DOUBLE 00 SHITSHOW,
BRENDAN GEORGE, and AARON
DALLAS,

               Defendants.

**4:23CV3142**

**MEMORANDUM AND ORDER**

WELCH RACING LLC, and BRENDAN
WELCH,

Plaintiffs,

     vs.

MARK ZUCKERBERG, META, and
FACEBOOK,

Defendants.

**4:23CV3147**

**MEMORANDUM AND ORDER**

WELCH RACING LLC, and BRENDAN
WELCH,

               Plaintiffs,

**4:23CV3149**

**MEMORANDUM AND ORDER**

4

vs.

MICHELLE DREXLER, LORI
HOLLINGSWORTH STREMEL, DALTON
MARKHAM, and PAUL BEDNARIK,


                         Defendants.

---

BRENDAN WELCH, and WELCH RACING,


            Plaintiffs,                                **4:23CV3150**

                                                  **MEMORANDUM AND ORDER**
    vs.


JAMIE HESTER, COREY NOLEN,
ANDREW RACIN GONZO, and SCOTT
STUCKEY, Owner of 'N Motion Diesel;


            Defendants.

---

Plaintiffs Brendan Welch ("Welch") and Welch Racing LLC ("WR") (collectively "Plaintiffs") filed fourteen *pro se* complaints in the following cases (collectively the "Fourteen Cases"): 4:23-CV-3128, Filing No. 1, 4:23-CV-3129; Filing No. 1; 4:23-CV-3134, Filing No. 1; 4:23-CV-3135, Filing No. 1; 8:23-CV-305, Filing No. 1 and a supplement, Filing No. 5; 8:23-CV-306, Filing No. 1 and a supplement, Filing No. 5; 8:23-CV-318, Filing No. 1 and a supplement, Filing No. 5; 4:23-CV-3139, Filing No. 1; 4:23-CV-3141, Filing No. 1; 4:23-CV-3142, Filing No. 1, 4:23-CV-3147, Filing No. 1; 4:23-CV-3148, Filing No. 1; 4:23-CV-3149, Filing No. 1; and 4:23-CV-3150, Filing No. 1.

Additionally, Plaintiffs have filed two expedited motions for review in Case No. 4:23-CV-3128, Filing No. 5, Filing No. 6, two in Case No. 4:23-CV-3129, Filing No. 5 and Filing No. 6, two in Case No. 8:23-CV-305, Filing No. 6 and Filing No. 7, and two in Case No. 8:23-CV-306, Filing No. 6 and Filing No. 7.   Plaintiffs also filed motions for appointment of counsel in thirteen of the Fourteen Cases.  *See* Case Nos. 4:23-CV-3128, Filing No. 7; 4:23-CV-3129, Filing No. 7; 4:23-CV-3134, Filing No. 5; 4:23-CV-3135, Filing No. 5; 8:23-CV-305, Filing No. 8; 8:23-CV-306, Filing No. 8; 8:23-CV-318, Filing No. 6; 4:23-CV-3139, Filing No. 5; 4:23-CV-3141, Filing No. 5; 4:23-CV-3142, Filing No. 5; 4:23-CV-3147, Filing No. 3; 4:23-CV-3148, Filing No. 4; and 4:23-CV-3149, Filing No. 3.   Welch individually filed motions for leave to proceed *in forma pauperis* in each of the Fourteen Cases.  *See* 4:23-CV-3128, Filing No. 2, 4:23-CV-3129; Filing No. 2; 4:23-CV-3134, Filing No. 2; 4:23-CV-3135, Filing No. 2; 8:23-CV-305, Filing No. 2; 8:23-CV-306, Filing No. 2; 8:23-CV-318, Filing No. 2; 4:23-CV 3139, Filing No. 2; 4:23-CV-3141, Filing No. 2; 4:23-CV-3142, Filing No. 2; 4:23-CV-3147, Filing No. 2; 4:23-CV-3148, Filing No. 2; 4:23-CV-3149, Filing No. 2; and 4:23-CV-3150, Filing No. 2.   Finally, Plaintiffs have also filed a motion for subpoena in Case No. 23-CV-3147, Filing No. 4,  and a motion to "Grant Request for Fee Waiver Grant Cease Desist orders" in Case No. 23-CV-3148, Filing No. 3.

As an initial matter, including the complaints and motions listed above, Welch and/or WR have filed fifteen pro se complaints,[1] two supplements to those complaints, and over 40 additional motions in this Court since July 14, 2023.  Of those fifteen complaints, none pass initial review under 28 U.S.C. § 1915(b)(2), and therefore none shall be able to proceed to service of process without significant amendment as further

---

[1] In addition to the Fourteen Cases discussed here, Plaintiff also filed Case No. 8:23-CV-350, which the Court addresses separately.

discussed here and in this Court's orders in Case Nos. 4:23-CV-3129, 8:23-CV-318, 4:23-CV-3148, and 8:23-CV-350.  Moreover, Welch has also cluttered the Court's file with extraneous supplemental pleadings, motions, correspondence, and other materials which are either frivolous or premature in those fifteen cases.  Ultimately, all of Plaintiffs' filings have required the Court to utilize a significant amount of judicial resources, diverting time and energy of the judiciary away from processing other claims.

The Court notes that although Welch may continue to proceed pro se and that no restrictions shall be placed on Welch at this time, Welch has abused the privilege by filing an inordinate number of pro se, in forma pauperis cases which either cannot proceed or require significant amendment if they are to proceed.  While Welch has a right to access the courts, his right of access cannot be unlimited in the face of abuse.

As set forth by the Eighth Circuit Court of Appeals:

The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice....Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior.

*In re Tyle*r, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D.Colo. 1986)) (internal citations omitted). **Welch is put on notice that if he continue filing pro se cases that are severely deficient, filing restrictions may result.**

Keeping in mind that the Court can "place reasonable restrictions" on a plaintiff's pro se filings including limitations or conditions on the filing of future pro se suits, *see id.,* to avoid unnecessary costs and promote judicial economy, the Court shall consolidate Cases Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 (collectively the "Member Cases") with Case No. 4:23-CV-3128 (the "Lead Case"). The Member Cases shall be administratively closed and <u>only</u> the Lead Case shall proceed. Although the claims set forth in the Fourteen Cases appear to arise from the same set of facts, against related defendants, as discussed further herein, the remaining three cases, Case Nos. 4:23-CV-3129, 8:23-CV-318, and 8:23-CV-3148, shall not be consolidated here as the complaints and motions filed in those cases suffer from defects that are better addressed individually and by separate order.

Upon review of Plaintiff's IFP Motions filed in the Lead and Member Cases, the Court finds that Welch is financially eligible to proceed in forma pauperis, and Welch is granted leave to proceed in forma pauperis in the Lead and Member Cases. Moreover, although the Complaints in the Lead Case and Member Cases as currently pleaded are deficient and are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2), the Court shall sua sponte grant Plaintiff leave to amend the Complaint only in the Lead Case to include

all claims and defendants set forth in the Member Cases as well as any other claims and defendants arising from the same set of facts.

Finally, Plaintiff's motions for expedited hearings and publication in the Lead Case, Filing Nos. 5 and 6, and Plaintiff's motion for appointment of counsel, Filing No. 7, shall all be denied as premature.  As the Member Cases shall be consolidated into the Lead Case and administratively closed, and Plaintiffs must file an amended complaint before this matter may proceed, all other motions filed in the Member Cases shall not be addressed and shall be denied without prejudice as moot.

## I. CONSOLIDATION

### A.  Summary of Claims

The following provides a summary of the claims, defendants, and remedies sought in the complaints filed in the Lead and Member Cases.

#### 1.  *Case No. 4:23-CV-3128*

The complaint in Case No. 4:23-CV-3128, filed on July 14, 2023, alleging diversity jurisdiction, Filing No. 1, is construed to allege claims of false light, invasion of privacy, fraud, forgery, online impersonation, stalking and harassment, violations of "18 § 2261A," infringement, malicious defamation, defamation of character, libel, intentional infliction of emotional distress, hate speech, and violations of 18 U.S.C. §§ 241, 242.  *Id.* at 5–6. Welch and WR name the following as Defendants: David Wright (named as a defendant twice) ("Wright"), a citizen of Texas, and Double OO Shitshow ("Double OO"), a corporation both incorporated and with its principal place of business in Texas.  *Id.* at 2, 6.  The claims arise from defendants' stalking and harassing on social media causing damage to Welch and WRs' reputation and financial losses.  *Id.* at 7.

Welch and WR seek money damages in the amount of $85,000 for pain and suffering, business interruption, and attorney fees and costs. *Id.* at 5–6.

### 2. *Case No. 4:23-CV-3134*

The complaint in Case No. 4:23-CV-3134, filed on July 21, 2023, alleging federal question and diversity jurisdiction, is construed to allege claims of violations of 18 U.S.C. § 2261A and 18 U.S.C. §§ 241, 242, "potential mass marketing fraud" and "impersonation fraud." Filing No. 1 at 3. Welch and WR name the following as Defendants: Eason L. Wright (named as a defendant twice), Pat Wright III ("Wright III"), and "Charity Et Shack Chick," all with contact addresses in Texas. *Id.* at 2. The Complaint gives jurisdictional information for Wright III only, naming him as a citizen of Texas. *Id.* at 3. Plaintiffs allege business interruption "at present," intentional infliction of emotional distress, damage to their reputation, false statements, infringement, property theft, impersonation, unauthorized use of name or likeness, false light, and online harassment. *Id.* at 5.

Plaintiffs claim they were "forced into business interruption on July 13th and June 14th, [when] Charity Et Shack Chick, an employee at Yello Belly Dragstrip did knowingly and deliberately use and distribute 8 photos, committing 8 counts of infringement and also fraud and impersonation." *Id.* (edited to correct capitalization). Plaintiffs further allege "Charity is an accomplice and associated with" Double OO and Wright.

Plaintiffs seek $80,000 in damages, a no contact order, an order requiring destruction or recanting of all false statements and stolen photos, "charges against parties for harassment online, impersonation and/or Infringement/Unauthorized use of Name and Likeness." *Id.*

10

### 3.  *Case No. 4:23-CV-3135*

The complaint in Case No. 4:23-CV-3135, filed on July 21, 2023, alleging federal question and diversity jurisdiction, is construed to allege claims of violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, stalking and harassment by phone and social media, unlawful use of name and likeness, libel, and false light.  Filing No. 1 at 2–4 .  Welch and WR name the following as Defendants: Graham Hill and Sharon Hill (contact address in Mississippi), and Austin Ray ("Ray"), once individually and the second as the owner of the "Café of Life" (listing contact addresses for Ray both times as in Colorado).  *Id.* at 2.  The Complaint gives jurisdictional information for Graham Hill only, naming him as a citizen of Mississippi.  Id. at 3.  The claims arise from defendant Ray falsely alleging Plaintiffs bought Atco Dragway, and from defendant Graham Hill allegedly falsely stating he was "unable to finalize a deal to run Atco" with Plaintiffs, which Plaintiffs allege at least thirty-six "others" saw.  *Id.* at 5.  Plaintiffs also allege defendant Ray likely or is suspected to have harassed him by phone for four days, as a "308" number called him numerous times and hung up when he answered or left no voicemail messages, harassed him on Facebook and possibly other social media platforms.  *Id.*

Welch and WR seek $80,000 in damages to Welch and WRs' business, another $10,000 for damages plus court costs and attorney fees, or seizure of defendants' assets, and criminal charges against defendant Ray.  *Id.* at 4–5.

### 4.  *Case No. 8:23-CV-305*

The complaint in Case No. 8:23-CV-305, filed by Plaintiffs on July 18, 2023, alleging federal question and diversity jurisdiction, brings claims of violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, stalking and harassment by phone and social media,

unlawful use of name and likeness, false light, and intentional infliction of emotional distress. Filing No. 1 at 2, 4. Plaintiffs name the following as Defendants: Brandon Booher (Texas contact address), Donnie Allan Faulkner (Arkansas contact address), Joseph Tolaro (New York contact address), and David Wright (Texas contact address). Id. at 2. As a jurisdictional basis for his complaint Plaintiffs assert Wright and Double OO are citizens of Texas. Id. at 3–4. No jurisdictional information is supplied for any other named defendants.

Plaintiffs also filed a supplement, Filing No. 5, but provide no explanation for their filing, instead simply attaching what appear to be social media profile pages, some with handwritten "claims" next to them and addresses and contact information "for service" or "asset seizure" for the following individuals not named as defendants in the complaint in this case: Scott Hakucsa, Ron Lentz, Michael Beard, Matt Wybiral, Jimmy Cahoonie Terhune, Joseph Todaro, Brandon Booher, Dayne Jordan, Rich Patton III, Cody Harp, Dusty Brazel, Frito Pendejo, Matthew Schaeffer, John Lamendola, Robert Key and Son Concrete LLC, Aaron Waller, Cole Walker, Shawn Odegaard, Tim Burks, Cody Mic Man Miller, Mike Kelley, Mike Amos Jr., Kurt Bolen, Matt Gain, Seth McRobie, Alex Ryan Harris, Joshua Keith Hodges, Brian Wagner, Greg Schmidt, Mark Wise, Brandon Fry, Trent Thompson, Chris Ragan, Aaron Rutledge, Dave Cook, Brian Wood, Josh Duncan, Nick Jones, Jay Katz, and Tracy Jones.

The claims arise from the alleged stalking and harassing of Plaintiffs online, beginning on March 26 (year unstated) through the date the Complaint was filed. Filing No. 1 at 4. Plaintiffs allege "[t]here are some members/accomplices in Nebraska associated with David Wright and Double OO Shitshow." Id. He further submits that "I

have been stalked.  [Wright] and others emailed me; call me; steal my property and put me in false light. Yes, Mark Kraus had his property stolen and I have witnesses that will testify in my favor." *Id.* at 5.  He claims that "due to the malicious nature of over 70 people[, a]ll associated with David Wright and accomplices of his and Double OO Shitshow . . . I have been forced into Business Interruption; and even banned or not allowed on tracks; namely Kearney." *Id.*  Plaintiff also alleges on July 17th (year not listed) he received a call from 308-208-1800 which he believes was made by members/accomplices associated with Wright and Double OO. *Id.* at 4.

Plaintiffs seek $300,000 in damages and "bans and cease/desist order prohibiting all" from contact with Plaintiffs due to irrevocable and irreparable damage to Plaintiffs' reputation and Business/Career. *Id.* at 4–5.

### 5.  *Case No. 8:23-CV-306*

The complaint in Case No. 8:23-CV-306, filed by Plaintiffs on July 18, 2023, based on federal question and diversity jurisdiction, alleges claims of violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, infringement, false light, and emotional distress.  Filing No. 1 at 2–4.  Plaintiffs name the following as Defendants: "Double OO Shitshow RA – David Wright" (Texas address), Gregg A. Padgett (North Carolina address), Brian Sorrells (Ohio address), and Matt A. Viscione (Connecticut address). *Id.* at 2.  For jurisdictional purposes Plaintiffs assert David Wright is a resident of Texas and lists Double OO as a defendant incorporated in Texas and having its principal place of business located there, although "Double OO Shitshow RA – David Wright" is formally named as defendant, not Wright or Double OO individually. *Id.* at 3–4.  No jurisdictional information is supplied for the other defendants.

13

Additionally, Plaintiffs filed a supplement, Filing No. 5, which appears identical to the supplement Plaintiffs filed into Case No. 8:23-CV-305. *Compare* Case no. 8:23-CV-305, Filing No. 5, *with* Case No. 8:23-CV-306, Filing No. 5.

The claims arise from defendants allegedly stalking, harassing, stealing from, committing fraud, infringement, and committing other crimes against Plaintiffs during an unspecified period. Filing No. 1 at 4. Plaintiffs seek $250,000 in damages, seizures of property, arrests and fines, injunctive relief, a cease and desist order preventing all contact with defendants, removal and destruction of all photos and videos "in the matter of the infringing content" that places Plaintiffs in a false light as well as deletion of any defamatory statements made against Plaintiffs, and for "David Wright or anyone associated with Double OO [ ] . . . banned from WR" offices, travel locations, or anywhere within 3 miles of Plaintiffs' office, residence, or hotel/motel where they are staying. *Id.* at 4–5.

### 6. *Case No. 4:23-CV-3139*

The complaint in Case No. 4:23-CV-3139, filed by Plaintiffs on July 27, 2023, is construed to allege claims of violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, stalking and harassment by phone and social media, unlawful use of name and likeness, libel, and false light. Filing No. 1 at 2, 4. Plaintiffs name the following as Defendants: Herb McCandless Jr. (2 different North Carolina addresses), Doug McKlevy Jr. (Florida address), and Double OO (Texas address). *Id.* at 2. In addition Plaintiff attached what appear to be social media profile pages, some with handwritten "claims" next to them, and addresses and contact information "for service" or "asset seizure" and for the following individuals not named as defendants in the complaint: William Horvath, Joey

14

Litterini, Steve Zeuner, Brian Sorrells, Bret Sharp, Marcus Walder, Robbie Seszko, Eddie White, Wade Sprayberry, Codey Maynard, Lonnie Schulz, Jacob Kaeding, Shea Jones, Jimmy Cahoonie Terhune, Derek Tillery, Brent Davis, Logan Paul, Justin Bey, Phil Hurst, Bobby Crabtree, Lucas Clarke, Duane Baatz, Colt Saum, Jesse Warren, Joe Hammann, Zak Taylor, John Binkle, Brad Woodruff, Jamie Turner, Holden Frattin, Cory Nolen, Martie Jacobs, Rob Lenz, and Ted Turley. *Id.* at 5–34, 36–41. Plaintiffs also include a list of the following names of individuals not named in the complaint as defendants, with contact information, and various claims hand-written next to them: Shea Jones, Blase Raia, Eddie White, and Jeff Thompson. *Id.* at 35.

Plaintiffs claim they have been "stalked and harassed for 8 weeks now," including Plaintiffs and their family receiving letters, emails, and online harassment and have suffered severe emotional distress as a result as well as business disruptions. *Id.* at 43–44. Plaintiffs seek injunctive relief in the form of cease-and-desist orders and criminal charges. *Id.*

### 7. *Case No. 4:23-CV-3141*

The Complaint in Case No. 4:23-CV-3141, filed by Plaintiffs on July 31, 2023, alleges this Court has jurisdiction under both federal question and diversity, and sets forth claims of deprivation of rights, trademark and copyright infringement, and violations of 17 U.S.C. § 501 and 18 U.S.C. §§ 241, 242, intentional/willful infringement, false light, and malicious defamation. Filing No. 1 at 8–9. Plaintiffs name the following as Defendants: Aaron Dallas ("Dallas"), Brendan George ("George"), Double OO/David Wright, and Brad Woodruff ("Woodruff"). *Id.* at 2. In addition, Plaintiffs attached what appear to be social media profile pages, some with handwritten "claims" next to them, and addresses and

15

contact information "for service" or "asset seizure" and for the following individuals not named as defendants: Jim Morris and Blaise Raia. *Id.* at 3, 6.

In their Complaint, Plaintiffs list Dallas' address as in Texas, George's address as in Florida, Woodruff's address in Mississippi, and lists Double OO/David Wright's address in Texas. *Id.* at 2. Jurisdictional allegations assert George is a citizen of Florida and lists Double OO as a defendant incorporated in Texas and having its principal place of business located there. *Id.* at 8–9. No jurisdictional information is supplied for Woodruff or Dallas.

Plaintiffs assert that starting on May 26, 2023, through the present, July 30, 2023, "David Wright and his accomplices did knowingly and deliberately commit over 70 counts of misappropriation, brand dilution, infringement, and unauthorized use of name and likeness without permission or consent of Welch Racing, its owner, or officers." *Id.* at 9 (corrected for spelling and punctuation).

Welch and WR seek $300,000 in damages for all "crimes," an injunction preventing any further misuse, theft or distribution of any and all photos, videos, or mention of Welch Racing, signatures, quotes, and logo, as well as a ban from business and all contact. *Id.*

### 8. *Case No. 4:23-CV-3142*

The Complaint in Case No. 4:23-CV-3142, also filed on July 31, 2023, alleges this Court has jurisdiction under both federal question and diversity, and sets forth claims of infringement, deprivation of rights, attack on honor/reputation, human rights violation article 12, and violations of 17 U.S.C. § 501 and 18 U.S.C. §§ 241, 242, intentional/willful infringement, false light, and human rights violations. Filing No. 1 at 8–10. Welch and WR name the following as defendants: Blasé Raia ("Raia"), Double OO, Brendan George,

and Aaron Dallas. *Id.* at 2. In addition, Plaintiffs attached what appear to be social media profile pages, some with handwritten "claims" next to them, and addresses and contact information "for service" or "asset seizure" for the following individuals not named as defendants: Jim Morris and Brad Woodruff. *Id.* at 3, 7.

Plaintiffs list defendant Raia's address as in Pennsylvania, George's address as in Florida, Dallas' address as in Texas, and lists Double OO's address in Texas. *Id.* at 2. Jurisdictional allegations assert Raia is a citizen of Pennsylvania and lists Double OO as a defendant incorporated in Texas and having its principal place of business located there. *Id.* at 8–9. No jurisdictional information is supplied for the other named defendants.

Plaintiffs assert that starting on May 26, 2023, through the day the complaint was filed, Blasé Raia, David Wright and over 40 accomplices conspired to steal and distribute their property by using it without permission, stalking and harassing, misappropriating, and damaging his reputation and interrupting his business, largely online and via social media. *Id.* at 9–10. Plaintiffs also allege "Mark Kraus of Mark Kraus Photography also had a photo stolen and put in false light." *Id.*

Plaintiffs seek $300,000 in damages plus punitive damages, and an injunction banning all parties from stalking and harassing, infringing, impersonating, misappropriating them, and banning all defendants from any contact with Plaintiffs. *Id.*

### 9. *Case No. 4:23-CV-3147*

The Complaint in Case No. 4:23-CV-3147, filed on August 14, 2023, alleges this Court has jurisdiction under 28 U.S.C. § 1332, and sets forth claims of negligent infliction of emotion distress, failure to act, and dereliction of duty. Filing No. 1 at 1. Welch and WR name the following as Defendants: Mark Zuckerberg, "Facebook FKA/DBA Meta,"

and "Meta FKA Facebook." *Id.* at 2. Jurisdictional allegations assert Zuckerberg is a citizen of California and lists "Facebook FKA/DBA Meta," and "Meta FKA Facebook." as a defendant incorporated in California and having its principal place of business located there. *Id.* at 3.

Plaintiffs assert that between May 26, 2023, and August 14, 2023, Zuckerberg and Meta failed to adhere to federal and state law such as privacy laws, 18 U.S.C. § 2261A, and community standards, and that all defendants ignored reports and violations of crimes committed, allowing severe harassment, stalking, cyberstalking, infringement, "etc" to occur against Plaintiffs. *Id.* at 3–4.

Plaintiffs seek $150,000 in damages plus punitive damages, an injunction ordering the removal of all criminal content, misinformation, images and videos stolen by David Wright and his accomplices, an order advising the FBI and US Attorney to work with Plaintiffs and make arrests of David Wright and his accomplices and shut down of David Wright's "pages." *Id.* at 4.

**10. *Case No. 4:23-CV-3149***

The Complaint in Case No. 4:23-CV-3149, also filed on August 14, 2023, is unsigned, alleges that this Court has both federal and diversity jurisdiction, and sets forth claims of false light, invasion of privacy, libel, malicious defamation, defamation of character, incitement of hate, violation of human and civil rights, intentional infliction of emotional distress, business interruption, spreading of disinformation, and harassment, and violations of 18 U.S.C. §§ 35, 241, 242, 875, and 2261. Filing No. 1 at 1, 4–6, 9. Welch and WR name the following as Defendants: Michelle Drexler (Kansas address), Lori Hollingsworth Stremel (Kansas address), Dalton Markham (Kentucky address), and

18

Paul Bednarik (Ohio address). *Id.* at 2. Jurisdictional allegations assert Drexler is a citizen of Kansas but omits jurisdiction allegations for the remaining defendants. *Id.* at 3. In addition, Plaintiffs attached what appear to be social media profile pages, some with handwritten "claims" next to them and addresses and contact information for the following individuals and entities not named as defendants: Will Bier, Paganok Farms, LLC. *Id.* 7–8.

Plaintiffs assert that between May 26, 2023, and to the date the Complaint was filed, defendants knowingly and deliberately violated Plaintiffs' privacy, engaged in an ongoing conspiracy against them, incited hate, deliberately committed malicious defamation, and continually invade Plaintiffs' privacy and disrupt Plaintiffs' peace. *Id.* at 5. Plaintiffs further allege "the cult leader David has an active smear campaign against 'me.'" *Id.* at 10.

Plaintiffs seeks $100,000 in punitive damages, an injunction ordering defendants to recant and retract all defamatory statements, arrest for federal "charges" and rights violations, issuance of cease-and-desist orders prohibiting "further spread of any lies, false statements or damaging disinformation" harming Plaintiffs. *Id.* at 5. Plaintiffs also attach correspondence addressed to the FBI and this Court, reiterating the claims made in the Complaint, seeking an order banning defendants from Plaintiffs' business, charges and arrests of the defendants, and to be left alone. *Id.* at 8. Plaintiffs also seek expedited review of his cases. *Id.*

**11.** ***Case No. 4:23-CV-3150***

Plaintiffs also filed a Complaint in Case No. 4:23-CV-3150 on August 14, 2023, alleging this Court has jurisdiction under both federal question and diversity, and setting

forth claims of active conspiracy against rights, malicious defamation, human rights violations, false light, and privacy law violations, and violations of 18 U.S.C. §§ 35, 241, 242. Filing No. 1 at 1, 3–4. Welch and WR name the following as Defendants: Jamie Hester, Corey Nolen, Andrew Racin Gonzo (location unknown), and Scott Stuckey (Kentucky address) with addresses in North Carolina, Ohio, and Kentucky. *Id.* at 2. Jurisdictional allegations assert Nolen is a citizen Ohio, but no jurisdictional information is supplied for the other named defendants. *Id.* at 3.

Plaintiffs assert that defendants made false statements and information about Welch's health and privacy and made similar statements about his "team," such as "calling me a NDMF, mental, etc." *Id.* at 4. Plaintiffs seek $90,000 in damages for damages to Plaintiffs' "brand" as well for emotional distress and violation of privacy, and orders to retract all false and defamatory statements. *Id.*

## B. DISCUSSION

The claims in the Member and Lead Complaints appear to arise from the same set of facts involving combinations of claims related to telephonic and online harassment, infringement, misappropriation, unlawful use of name and likeness, libel, false light, and violations of federal criminal statutes 18 U.S.C. §2261A and 18 U.S.C. §§ 241, 242 and federal copyright statute 17 U.S.C. § 501. The Complaints name Wright, Double OO, and multitudes of other individuals appearing to be associated with Wright and Double OO as defendants. What appear to be identical defendants are named in multiple complaints with some named twice in the same complaint. The Member and Lead Complaints and the related supplements also include what appear to be social media pages with the

names of individuals, some named as defendants in other cases and some not named at all, containing handwritten addresses and what appear to be potential additional claims.

For the reasons set forth below, the Court will consolidate the Member Cases into the Lead Case. However, due to various deficiencies contained in the Lead and Member Case Complaints, to be discussed in this section, the Lead Case cannot proceed as pleaded and requires the filing of an amended complaint.

### 1. *Consolidation under Federal Rule of Civil Procedure 42(a)*

Actions involving common questions of law or fact can be consolidated for the convenience of the court and the parties. Fed. R. Civ. P. 42(a). Rule 42(a) states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Id.* With broad discretion in determining whether to consolidate cases, District Courts consider whether consolidation will promote judicial economy without impeding justice and the interest of the parties. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). In making such a determination, courts balance the risk of prejudice and confusion with the chance of achieving inconsistent results in the matters, also considering "the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *See In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D. N.C. 2003) (internal citation omitted).

As previously discussed, the claims set forth in the Member and Lead Complaints appear to arise from the same set of facts, against related defendants. It is clear separate lawsuits would lead to duplicative pleadings, discovery, and potentially inconsistent results, and litigating/administering the separate cases would create a significant burden on this Court, the parties, and potential witnesses.

To avoid unnecessary costs, inconsistent results, and promote judicial economy, the Member Cases, consisting of case numbers 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 are CONSOLIDATED for all purposes with the Lead Case, Case No. 4:23-CV-3128, pursuant to Fed. R. Civ. P. 42(a). Case Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV 3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 are ADMINISTRATIVELY CLOSED and will not proceed. For jurisdictional reasons, Case Nos. 8:23-CV-318, 4:23-CV-3129, and 4:23-CV-3148 cannot be consolidated and shall be addressed separately in each case.

The parties will proceed in Case No. 4:23-CV-3128 only. The Clerk shall designate Case No. 4:23-CV-3128 as the "Lead Case" and shall designate Case Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 as "Member Cases." All future filings in this matter shall be made under Case No. 4:23-CV-3128 only, and the Clerk is INSTRUCTED to administratively close Case Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150, and to accept no further filings in these cases.

2. *Deficiencies requiring amendment*

The Lead and Member Complaints suffer from multiple deficiencies which require amendment for the case to proceed, which are addressed here.

a.  Plaintiff WR cannot proceed Pro Se

It is well settled that corporations, partnerships, or other legally construed associations or entities may not appear in federal court other than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). The Consolidated Complaint is brought by Welch individually and WR, which is a Limited Liability Company, and neither Welch nor WR are represented by counsel. While Welch may proceed pro se, WR cannot. *Id.*

As such, WR must obtain legal counsel to proceed, or the complaint must be amended to dismiss WR as a party to the suit.

b.  Subject Matter Jurisdiction

It is well-established that federal courts are courts of limited jurisdiction. They can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Specifically, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332(a).

Plaintiffs bring this suit on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Filing No. 1. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the

citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). The state where a party resides does not necessarily establish that party's citizenship for the purpose of" § 1332(a)(1). *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).

"Citizenship requires permanence," whereas residency is a more "fluid concept. *Id.* at 778. Unlike citizenship, residency does not require an intent to make a place home. *See Ellis v. Se. Constr. Co.*, 260 F.2d 280, 281 (8th Cir. 1958). As such, while an individual could, for example, be a resident of multiple states, they can only be a citizen of one. *Reece*, 760 F.3d at 778. Some factors considered when determining citizenship of individual] for the purpose of diversity are ""where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents." *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (citing *Altimore v. Mount Mercy College,* 420 F.3d 763, 769 (8th Cir. 2005)).

In the Lead Complaint, Plaintiffs allege Welch is a citizen of Nebraska and WR is also a citizen of Nebraska because it is incorporated under the laws of the State of Nebraska. Filing No. 1 at 3. Plaintiffs name David Wright (twice) and Double OO Shitshow as defendants and assert Wright is a citizen of Texas and Double OO's principal place of business and its state of incorporation is Texas. *Id.*

As an initial matter, the Court notes that the Plaintiffs need only name each defendant once. The jurisdictional allegations in the Lead Complaint appear appropriate

as to the named defendants (to the extent Double OO is a corporation as opposed to some other type of legal entity, which like WR, requires different jurisdictional citizenship allegations).[2]  However, as WR is listed as an LLC and therefore is not an incorporated entity, WR's citizenship is not correctly pleaded.

"[D]iversity jurisdiction in a suit by or against [an unincorporated] entity [such as an LLC] depends on the citizenship of all the [unincorporated entity's] members," not its principal place of business. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990) (internal citation and quotation omitted); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 828 (8th Cir. 2004).  As Plaintiffs do not appropriately allege the citizenship of WR, the Court cannot determine WR's citizenship and therefore whether diversity exists. To the extent an amended complaint is filed and WR continues to be named as a party, Plaintiffs must set forth the citizenship of all members of WR for citizenship to be properly pleaded.  Moreover, both Welch and all members of WR must be citizens of a state other than any of the defendants for this Court to have diversity jurisdiction over the dispute.

Diversity is not the only basis on which this Court may have jurisdiction over this case.  While most of Plaintiffs' claims appear to arise under state tort law, Plaintiffs also allege violations of federal criminal statute 18 U.S.C. § 2261A.[3]  *Id.* at 6.  Courts, however,

---

[2] The Court notes the complaints filed in the Member Cases frequently listed a defendant's names and contact information but did not contain jurisdictional allegations for all named defendants.  *See e.g.* Member Case No. 8:23-CV-306, Filing No. 1 at 2–4 (naming Double OO, Gregg A. Padgett, Brian Sorrells, and Matt A. Viscione as defendants and listing their contact information, but only setting forth the citizenship of Wright and Double OO Shitshow and not defendants Padgett, Sorrells, or Viscione).  To proceed in diversity, Plaintiffs must allege the *citizenship* of all named defendants.

[3] Most of the complaints filed in the Member Cases also cite 18 U.S.C. §§ 241 and 242, which are also federal criminal statute that do not support federal question jurisdiction in this case.  *See Cervantes v. Byrne,* No. 8:22CV64, 2022 WL 743464, at *2 (D. Neb. Mar. 11, 2022) (explaining that 18 U.S.C. §§ 241 and 242 do not support private claims) (citing *Carter v. Muldoon,* No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018)).  The Court notes, however, that in several of the complaints filed in the Member

have specifically held that 18 U.S.C. § 2261A is a federal criminal statute that does not provide a private right of action, and therefore, cannot be used as a jurisdictional basis.[4] *Sims v. Tampa Police Dep't*, No. 8:18-CV-2397-T-33SPF, 2018 WL 6028054, at *2 (M.D. Fla. Oct. 29, 2018), *report and recommendation adopted*, No. 8:18-CV-2397-T-33SPF, 2018 WL 6019215 (M.D. Fla. Nov. 16, 2018) (a private cause of action cannot be brought under 18 USC § 2261A).  As federal criminal statutes do not afford relief to private citizens as a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), consequently, there is no discernible "federal question" alleged in the Lead Complaint. As the alleged claims arise under federal criminal statutes which do not support private causes of action, federal question jurisdiction does not exist.

Therefore, because the Court finds subject-matter jurisdiction is not proper in this action pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, Plaintiffs must amend their complaint to set forth adequate jurisdictional allegations in order to proceed before this Court.

---

Cases, Plaintiffs also allege violations of 17 U.S.C. § 501 (copyright infringement), *see* Case No. 4:23-CV-3141, Filing No. 1 at 8, and 4:23-CV-3142, Filing No. 1 at 8, under which private causes of action may proceed.  *See Ford Motor Co. v. Auto Supply Co.*, 661 F.2d 1171 (8th Cir. 1981) (addressing damages awarded to a private entity pursuant to claims partially arising under 17 U.S.C. § 501).  To the extent Plaintiffs amend the complaint to allege claims under 17 U.S.C. § 501, federal question jurisdiction *may* exist.

[4] Additionally, to the extent Plaintiff seeks the bringing of criminal charges under these statutes or any other criminal statutes against any defendants, those claims would likely fail as, "[t]he Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime."  *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990).

### 3.  The factual allegations in the Lead Complaint are insufficient

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

Here, as pleaded, the Lead Complaint fails to meet the minimal pleading standard of Rule 8.  The Court is unable to ascertain any connection between the conclusory allegations made by Plaintiffs, such as infringement, libel, false light, malicious defamation or misappropriation, and what specific defendants were involved in each alleged violation.  Nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm.

For example, in Nebraska defamation consists of the following elements: "(1) a false and defamatory statement concerning the claimant, (2) an unprivileged publication

to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *JB & Assocs., Inc. v. Nebraska Cancer Coal.*, 932 N.W.2d 71, 78 (Neb. 2019).  A defamatory statement tends to "harm the reputation of another as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Id.*  However, Plaintiffs fail to allege who said what to whom, instead simply concluding they were defamed by defendants. There is nothing in the Lead Complaint describing the alleged defamatory statement(s) or what defendant made the defamatory statement(s).

While Rule 8 does not require the level of specificity required under Federal Rule of Civil Procedure 9, a general statement explaining what was published or spoken and by whom is necessary for a claim to proceed.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support a claim. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing Iqbal, 556 U.S. at 678).  Ultimately, based on the pleadings filed, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific factual allegations that connect each defendant with any specific violations.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against each of the Defendants.  *Plaintiffs should be mindful to clearly identify the citizenship of each party if they intend to proceed via diversity under 28 U.S.C. § 1332, and/or identify the provision allowing this Court to address their claims as a federal*

28

*question under 28 U.S.C. § 1331, as well as what each Defendant did to him, when Defendant did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each Defendant violated.*  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against all Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## II. EMERGENCY MOTIONS FOR HEARING AND PUBLICATION

In the Lead Case, Plaintiffs filed two motions.  One seeking an "emergency" hearing due to ongoing stalking and harassing, and the second seeking an "emergency . . . publication ban" which this Court construes as seeking to have the filings in this matter sealed, due to the alleged stalking and harassing of Plaintiffs.  Filing Nos. 5 and 6.

Plaintiffs' Motion for emergency hearing, Filing No. 5, is denied as premature. While it is unclear what type of hearing Plaintiffs' seek, or on what basis, as all of the operative complaints filed by Plaintiffs are subject to summary dismissal unless amended, any hearing addressing substantive matters is premature as the cases cannot currently proceed.

Plaintiffs' Motion to Seal, Filing No. 6, is also denied.  To the extent Plaintiffs' want the whole Lead Case sealed, Plaintiffs failed to follow the procedure set forth in NECivR 7.5 for doing so.  Moreover, sealing the documents now, especially as the documents have been publicly available for weeks, and as the allegations in the Complaint seem to indicate the defendants already have Plaintiffs' contact information, appears to be futile. As such, the Court shall deny Plaintiffs' motion at Filing No. 6, to the extent they seek to

seal the proceedings.  The Court shall, however, on its own motion, restrict the complaint

filed in the Lead Case, as well as any amended complaint Plaintiffs may file in compliance

with this order, so that the complaints, and the information contained within them, are only

accessible by the parties and court users pursuant to NECivR 5.3(c); NEGenR

1.3(a)(1)(B)(ii).   To the extent Plaintiffs seek to have additional future filings sealed or

restricted, Plaintiffs must comply with and follow the proper procedure outlined in NECivR

5.3(c) and NECivR 7.5(a).

### III. MOTION FOR COUNSEL

Plaintiffs seeks appointment of counsel arguing that they have contacted multiple

firms in Lincoln and Omaha but either they cannot help them or Plaintiffs cannot afford

them.  Filing No. 7.  Plaintiffs submit they would "benefit from [counsel] and it would help

[them] get [p]eace finally."  *Id.*

"There is no constitutional or statutory right to appointed counsel in civil cases."

*Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).   A district court "may

request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it

has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*,

641 F.3d 898, 909 (8th Cir. 2011).   "Relevant criteria for determining whether counsel

should be requested include the factual and legal complexity of the case, the plaintiff's

ability to investigate the facts and to present the claims, and the presence or absence of

conflicting testimony."  *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021)

(citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court finds appointment of counsel unnecessary in this case. Plaintiffs appear

capable of articulating and presenting their claims. Further, the case does not present

particularly complex factual or legal issues, and the Court is familiar with the applicable legal standards.  As such, Plaintiffs' motion for appointment of counsel shall be denied without prejudice to reassertion.  The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."  Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1.  Plaintiff Welch's applications to proceed in forma pauperis, 4:23-CV-3128, Filing No. 2; 4:23-CV-3134, Filing No. 2; 4:23-CV-3135, Filing No. 2; 8:23-CV-305, Filing No. 2; 8:23-CV-306, Filing No. 2; Filing No. 2; 4:23-CV 3139, Filing No. 2; 4:23-CV-3141, Filing No. 2; 4:23-CV-3142, Filing No. 2, 4:23-CV-3147, Filing No. 2; 4:23-CV-3149, Filing No. 2; and 4:23-CV-3150, Filing No. 2 are granted.

2.  On the Court's own motion, the above-captioned cases shall be in all respects consolidated. Case No. 4:23-CV-3128 shall be designated the Lead Case and all future filings shall be made in that case.

3.  All other pending motions in Member Case Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 are denied as moot.  The Clerk is instructed to administratively close and accept no further filings in the Member Cases, Case Nos. 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150.

4.  Plaintiffs shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may

31

be granted against any and all named defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

5. To be clear, if Plaintiffs elect to file an amended complaint, it shall be filed as a single document in Case No. 4:23-CV-3128.  **Plaintiffs are warned that an amended complaint will supersede, not supplement, all of his previously filed complaints.  Plaintiffs must include all of the claims they wish to pursue against all of the defendants they wish to proceed against in the amended complaint, without relying upon or incorporating by reference any allegations made in the original complaints.  Plaintiffs should be mindful to explain in their amended complaint what each defendant did to them, when and where the defendant did it, and how the defendant's actions harmed them.**

6. The Clerk's Office is directed to send to Plaintiffs a copy of the civil complaint form.  Plaintiffs are instructed to attach additional pages to the complaint form as necessary.

7. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 15, 2023:** Check for amended complaint.

8. Plaintiffs' motion to appoint counsel, Filing No. 7, in Case No. 4:23-CV-3128, is denied without prejudice to reassertion.

9. Plaintiffs' emergency motions, Filing Nos. 5 and 6, are also denied.

10. The Clerk's Office is instructed to restrict the Complaint filed in the Lead Case, as well as any amended complaint Plaintiffs may file in compliance with this order, so that

the complaints, and the information contained within them, are only accessible by the parties and court users pursuant to NECivR 5.3(c); NEGenR 1.3(a)(1)(B)(ii).

Dated this 17th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge